1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIS McJAMERSON,

11              Plaintiff,                    No. CIV S-07-240 KJM

12        vs.

13
     MICHAEL J. ASTRUE,
14   Commissioner of Social Security,

15              Defendant.              ORDER
     _____/
16

17          Plaintiff seeks judicial review of a final decision of the Commissioner of Social

18   Security ("Commissioner") denying applications for Disabled Adult Child's Benefits ("DAC")

19   and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act

20   ("Act"), respectively.  For the reasons discussed below, the court will grant plaintiff's motion for

21   remand, deny the Commissioner's cross-motion for summary judgment, and remand this matter

22   under sentence four of 42 U.S.C. § 405(g) .

23   /////

24   /////

25   /////

26   /////

                                         1

I. Factual and Procedural Background

In a decision dated September 22, 2006, the ALJ determined plaintiff was not disabled.[1]  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.  The ALJ found plaintiff has severe impairments of probable schizophrenia and history of learning difficulty but these impairments do not meet or medically equal a listed impairment; plaintiff is not credible; plaintiff has the residual functional capacity to perform unskilled work at all exertional levels; plaintiff has no past relevant work; and based on the Medical-Vocational Guidelines, plaintiff is not disabled.  Administrative Transcript ("AT") 15-22.  Plaintiff contends the ALJ failed to properly advise plaintiff of the

---

[1] Disabled Adult Child's Benefits are paid to a disabled person who is under a disability that began before the person attained the age of 22 and are based on the record of a living wage earner.  42 U.S.C. § 402(d)(1); 20 C.F.R. § 404.350.  Supplemental Security Income ("SSI") is paid to a disabled person with low income.  42 U.S.C. § 1382 et seq.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

1   right to counsel, among other errors.  This issue is dispositive and requires remand for further

2   development of the record.

3   II.  Standard of Review

4           The court reviews the Commissioner's decision to determine whether (1) it is

5   based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the

6   record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing

7   Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).

8   Substantial evidence means more than a mere scintilla of evidence, but less than a

9   preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.

10  Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a

11  reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402

12  U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.

13  197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler,

14  782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that

15  detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.

16  1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of

17  supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

18  substantial evidence supports the administrative findings, or if there is conflicting evidence

19  supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see

20  Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

21  improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d

22  1335, 1338 (9th Cir. 1988).

23  III.  Analysis

24          Plaintiff contends the ALJ failed to properly advise plaintiff that he had a right to

25  a representative.  A matter should be remanded when the ALJ fails to properly advise plaintiff of

26  the right to counsel if there is prejudice or unfairness evident in the administrative proceedings.

1  See Hall v. Sec'y of HEW, 602 F.2d 1372, 1378 (9th Cir. 1979) (remand for lack of counsel only

2  appropriate where prejudice or unfairness shown).  Based on the entirety of the record, the court

3  concludes such prejudice is demonstrated here.

4          Defendant is correct that plaintiff was advised both in writing and orally during

5  the hearing before the ALJ that he had the right to counsel.  AT 25, 243-244.  Upon a careful

6  reading, however, it is not clear that plaintiff, who alleges a mental impairment, fully understood

7  his right to counsel.  In particular, plaintiff stated he did not know what a representative was.  His

8  aunt, who was present at the hearing, indicated that plaintiff did not understand what the ALJ

9  was talking about with respect to a representative.  AT 243-244.  Despite this confusion, it

10  appears that the ALJ determined to go on with the hearing without a representative present

11  because the ALJ thought plaintiff's treating psychiatrist would be present at the hearing and thus

12  available for consultation.  The psychiatrist ultimately did not appear.  AT 262.

13          The court finds that the ALJ's failure to consult the treating psychiatrist regarding

14  plaintiff's mental functional limitations was prejudicial to plaintiff.  In finding plaintiff not

15  disabled, the ALJ relied on the opinion of an examining psychologist, Dr. Black, who opined that

16  the functional limitations he assessed were speculative due to the nature of the test results he

17  obtained.  The doctor thought the results were low due to plaintiff's lack of motivation and

18  cooperation.  AT 19-20, 165-169.  However, despite the ALJ's reliance on the sole opinion in the

19  record by a mental health practitioner who actually examined plaintiff, no records were made

20  available to Dr. Black for review, despite plaintiff's long history of maladaptive behavior.  AT

21  165; cf. AT 52, 58, 74, 78, 80, 82.  Moreover, as noted, Dr. Black found plaintiff uncooperative

22  during testing; if plaintiff had been represented during the administrative proceedings, a

23  counselor could have stressed the necessity of cooperation during the consultative examination

24  so as to obtain valid results and could have ensured that the consulting examining psychologist

25  obtained a complete history.  Alternatively, if plaintiff had been represented, opinions regarding

26  mental functional limitations presumably could have been obtained from the treating mental

4

1  health practitioners.  AT 205-220 (no assessment of functional limitations made by treating

2  physicians).  The state agency physician opinions, on which the ALJ also relied, found

3  insufficient evidence to make a determination of plaintiff's residual mental functional capacity.

4  AT 18, 185, 202.  On this bare and incomplete record, the court cannot find that the ALJ fulfilled

5  his duty of developing the record with respect to an unrepresented plaintiff alleging mental

6  impairment.  See Crane v. Shalala, 76 F.3d 251, 255 (9th Cir.1996) (ALJ has duty to develop the

7  record even when claimant is represented); see also Vidal v. Harris, 637 F.2d 710 (9th Cir. 1981)

8  (ALJ must scrupulously and conscientiously probe into all relevant facts where plaintiff is

9  unrepresented).  Plaintiff was prejudiced as a result, and the matter must therefore be remanded.

10        For the foregoing reasons, this matter will be remanded under sentence four of 42

11  U.S.C. § 405(g) for further development of the record and further findings addressing the

12  deficiencies noted above.

13        Accordingly, IT IS HEREBY ORDERED that:

14        1.  Plaintiff's motion for remand is granted;

15        2.  The Commissioner's cross-motion for summary judgment is denied; and

16        3.  This matter is remanded for further proceedings consistent with this order.

17  DATED:  September 29, 2008.

18

19  _____
     U.S. MAGISTRATE JUDGE

20

21

22

23

24

25

26  006
    mcjamerson.ss